UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS H. SHAKESPEARE, )<br>      Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA. ) | Case No. 1:13-cv-236-SEB-DML<br>Case No. 1:10-cr-009-SEB-KPF-1 |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Thomas H. Shakespeare ("Shakespeare") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

*Background*

Shakespeare pled guilty to one count of wire fraud and five counts of tax evasion. The Court accepted his guilty plea and sentenced him on April 29, 2010, to 42 months imprisonment for each count, to be served concurrently. Judgment was entered on May 19, 2010. No appeal was filed. Shakespeare signed his motion to vacate under § 2255 on February 6, 2013.

The § 2255 motion is before the Court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

*Jurisdiction*

In his § 2255 motion, Shakespeare asserts that this Court lacked jurisdiction because a magistrate judge conducted his arraignment.

Federal law provides that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . .." 28 U.S.C. § 636(b). This includes the arraignment of a criminal defendant. "Jurisdiction to conduct an arraignment and take a not guilty plea in a felony case is conferred under § 636(b), not as additional duties requiring parties to give consent." *United States v. Jensen*, 690 F.Supp.2d 901, 916 (D. Alaska 2010)(internal quotation omitted). This court routinely assigns arraignments to magistrate judges in felony cases.

"Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

*Statute of Limitations*

District courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's motion to vacate, but must afford the movant notice and an opportunity to be heard before acting on their own initiative to summarily dismiss a motion as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155, 164-65 (3d Cir. 2005). Shakespeare was afforded that opportunity but did not respond.

The statute of limitations for a motion brought pursuant to ' 2255 is one year.  *See* 28 U.S.C. § 2255(f). A person convicted of a federal offense has one year to file a § 2255 motion, starting, under the circumstances of this case, from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *United States v. Clay,* 537 U.S. 522, 524–25, 532 (2003). As noted, judgment of conviction was entered on the clerk's docket on May 19, 2010, so Shakespeare would have had fourteen (14) days, through Wednesday June 2, 2010, in which to file a notice of appeal. Rule 4(b) of *Federal Rules of Appellate Procedure.* For purposes of the § 2255(f)(1) statute of limitations provision, June 2, 2010, is the date his conviction became final.

Using the one-year period from the date on which the judgment of conviction became final, Shakespeare's present motion would have to have been filed by June 2, 2011. It was not filed by that date. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271

(1988), Shakespeare's § 2255 motion can be considered to have been filed on the date he placed the motion in the prison mail system, February 6, 2013. That date, however, was more than a year and a half after the ′ 2255(f)(1) statute of limitations expired.

*Conclusion*

Shakespeare's claim that the Court lacked jurisdiction over his criminal proceedings is meritless. In addition, he has encountered the hurdle produced by the one-year statute of limitations. Shakespeare has not shown the existence of circumstances permitting him to overcome this hurdle. His motion to vacate shows on its face that he is not entitled to relief pursuant to 28 U.S.C. ′ 2255.  The motion is therefore **dismissed.** Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:10-cr-0009-SEB-KPF-1.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Shakespeare has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date:  06/13/2013

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Thomas H. Shakespeare
09425-028
Moshannon Valley CI
Inmate Mail/Parcels
555 Geo Drive
Philipsburg, PA  16866